### RAILWAY LABOR EXECUTIVES' ASS'N v. UNITED STATES et al.

Civil Action No. 646—49.

United States District Court
District of Columbia.

May 27, 1949.

Mulholland, Robie, McEwen & Hickey and Edward J. Hickey, Jr., Washington, D. C., for plaintiff.

Edward Dumbauld and William D. McFarlane, Special Assistants to the Attorney General; Herbert A. Bergson, Assistant Attorney General; and George Morris Fay, United States Attorney, Washington, D. C., for defendant.

Henry B. Curtis, Harry McCall, New Orleans, La., D. C. Fitch, Jr., Dallas, Tex., Henry L. Walker, and W. S. Macgill, Washington, D. C., for railroad intervenors.

Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Before CLARK, Circuit Judge, and BAILEY and PINE, District Judges, sitting as a statutory three-judge court.

PINE, District Judge.

This is an action to set aside, in part, an order of the Interstate Commerce Commission. The defendants are the United States and the Interstate Commerce Commission. The City of New Orleans and certain railroad companies have been granted leave to intervene as defendants. All parties and intervenors have respectively moved for summary judgment. There is no genuine issue of a material fact.

The order involved herein granted the railroad intervoners authority under the Interstate Commerce Act to rearrange their tracks incident to the construction of a Union Passenger Terminal in the City of New Orleans. Plaintiff seeks to set aside that part of the order making provision for protecting the interests of employees adversely affected by the grant of authority.

The total number of employees affected has been estimated at 1022. The number required to operate the Union Passenger Terminal has been estimated at 680. So far as feasible the personnel will be recruited from employees displaced. The estimates indicate a net displacement of from 300 to 350 employees. The physical consummation of the project will require four or five years.

The part of the order to which exception is taken provides as follows:

"We are of opinion that a fair and equitable arrangement for protecting the interests of employees adversely affected by the applicants' proposals here will be provided by conditions similar to conditions (4) to (9), inclusive, imposed by us in Oklahoma Ry. Co. Trustees Abandonment, 257 I.C.C. 177 (197–201) which are similar to those prescribed in Chicago, B. & Q. R. Co., Abandonment, supra, and our approval and authorization herein will be granted subject to those conditions."

The order in Oklahoma Railway Co. Trustees Abandonment, referred to, contains the following language:

"The period during which this protection is to be given, hereinafter called the protective period, shall extend from the date on which the employee was displaced to the expiration of four years from the effective

date of our order herein; provided, however, that such protection shall not continue for a longer period following the effective date of our order herein than the period during which such employee was in the employ of the carriers prior to the effective date of our order."

The statute under which the order was made is Section 5(2) (f) of the Transportation Act of 1940,[1] and so far as material, reads as follows:

"As a condition of its approval * * * the Commission shall require a fair and equitable arrangment to protect the interests of the railroad employees affected. In its order of approval the Commission shall include terms and conditions providing that during the period of four years from the effective date of such order such transaction will not result in employees of the carrier or carriers by railroad affected by such order being in a worse position with respect to their employment, except that the protection afforded * * * shall not be required to continue for a longer period, following the effective date of such order, than the period during which such employee was in the employ of such carrier or carriers prior to the effective date of such order."

Plaintiff contends that the four-year period specified in the statute fixes the minimum period of employee protection, leaving the Commission with discretion to extend such period, and proposed before the Commission that the protection should continue for at least four years from the time employees shall be adversely affected, it being plaintiff's position that the order involved herein provides no protection whatever to employees who will be adversely affected by authorized transactions which will not be completed until after the protected period prescribed has expired. Defendants contend that the language plainly does not authorize the Commission to prescribe any protective period, other than a "period of four years from the effective date" of the Commission's order of approval, the only qualification being in the case of employees of less than four years employment, where the protective period cannot be longer than the employees' prior employment.

The issue here involved therefore concerns merely an interpretation of the provisions of Section 5(2) (f) of the Transportation Act. It does not involve the review of any discretion exercised by the Commission, as that body has held that "the fair and equitable arrangement contemplated by Section 5(2) (f) is measured by the specification therein of a protective period of four years from the effective date of our order approving the transaction within the scope of Section 5(2) (f)."

In our view the language of the statute in question is clear and unambiguous and the Commission's interpretation is correct. The first sentence thereof provides that the Commission shall require fair and equitable arrangements to protect the interests of employees affected. The second sentence prescribes the standard for such arrangements, namely that they shall be such that the employees will not be placed in a worse position with respect to their employment, and then proceeds to limit the time of such protection, namely four years from the effective date of the approval order. In addition, this interpretation is in accordance with the Commission's prior construction of the statute,[2] and on that account is entitled to great weight. Finally, the legislative history set forth by counsel for the defendants in their briefs is corroborative of the Commission's interpretation of the statute.

We are therefore of the view that the motions for summary judgment filed by the defendants should be granted and the complaint should be dismissed.

Counsel will submit appropriate order.

---

[1] 49 U.S.C.A. § 5(2) (f).

[2] Texas & Pac. Ry. Co. et al. Operation, etc., 1941, 247 I.C.C. 285, 295, 296; Chicago, Milwaukee, St. Paul & Pac. Ry. Co. Trustees et al., Construction, etc., 1942, 252 I.C.C. 49, 66; 252 I.C.C. 287; 257 I.C.C. 292; Oklahoma Ry. Co. Trustees, Abandonment, etc., 257 I.C.C. 177, 196–202; Chicago, Burlington & Quincy. R. R. Co., 1944, 257 I.C.C. 700.